UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON WHEELER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1521** |
| **BRANDON NEVIL et al.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Plaintiff Brandon Wheeler's ("Plaintiff") Motion to Remand.[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

This litigation arises out of an alleged car accident that occurred on or about January 14, 2020.[2] In the Petition, Plaintiff alleges that he was driving eastbound on N. Rampart Street when his car was struck by a vehicle driven by Defendant Brandon Nevil ("Nevil").[3] Plaintiff contends that he suffered serious injury as a result of the collision.[4] Plaintiff asserts that Nevil was negligent in operating his vehicle.[5] Plaintiff also asserts a claim against USAA Casualty Insurance Company ("USAA") as Nevil's insurer, and a claim against United Financial Casualty Company as

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 5-2 at 2.

[3] *Id.*

[4] *Id.* at 1.

[5] *Id.* at 2.

1

Plaintiff's uninsured motorist insurer.[6] On August 12, 2020, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana.[7]

On August 11, 2021, Defendant United Financial Casualty Company ("United Financial") removed the action to this Court, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[8] In the Notice of Removal, United Financial pleads the citizenship of the parties as follows: (1) Plaintiff is a citizen of Louisiana; (2) United Financial is a corporation organized under the laws of Ohio with its principal place of business in Ohio; (3) USAA is a corporation organized under the laws of Texas with its principal place of business in Texas; and (4) Nevil is a citizen of Louisiana.[9]

Although United Financial acknowledges that Nevil is a non-diverse defendant, United Financial argues that the citizenship of both Nevil and USAA should be disregarded for the purpose of establishing diversity jurisdiction because Plaintiff settled his claims against both parties, thereby eliminating them from this matter.[10] Specifically, United Financial alleges that on August 10, 2021, it received a copy of Plaintiff's Limited Motion to Dismiss in which Plaintiff requested that the Civil District Court for the Parish of Orleans dismiss both Nevil and USAA.[11] United Financial further asserts that the Limited Motion to Dismiss constitutes an "other paper"

---

[6] *Id.* at 2–3.

[7] Rec. Doc. 1-2.

[8] Rec. Doc. 1 at 2–5.

[9] Rec. Doc. 1 at 2–3.

[10] *Id.*

[11] *Id.*

2

from which United Financial first ascertained that this case became removable under 28 U.S.C. §§ 1332, 1441, and 1446(b)(3).[12]

On August 25, 2021, Plaintiff filed the instant motion to remand.[13] On September 13, 2021, United Financial filed an opposition to the motion.[14]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion to Remand*

In the motion, Plaintiff asserts that the Court should remand the action for two reasons.[15] First, Plaintiff alleges this Court lacks jurisdiction because Plaintiff and Nevil are both citizens of Louisiana.[16] Second, Plaintiffs contend that removal was untimely.[17]

Addressing the first issue, Plaintiff argues that United Financial could not remove the case because the continued presence of Nevil in the suit destroys complete diversity.[18] Plaintiff explains that United Financial incorrectly considered its Limited Motion to Dismiss an "other paper" establishing grounds for diversity jurisdiction.[19] Plaintiff counters, however, that the Limited Motion did not dismiss either Nevil or USAA from the suit because an order granting the motion was not signed by the presiding state court judge before United Financial filed its Notice of

---

[12] Rec. Doc. 1 at 1–2.

[13] Rec. Doc. 5.

[14] Rec. Doc. 6.

[15] Rec. Doc. 5-1 at 2–3.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

Removal.[20] Therefore, Plaintiff contends that the non-diverse defendant, Nevil, is still a party to this suit, and his presence in the suit destroys diversity.[21] Plaintiff concludes that United Financial has not established the complete diversity of parties required for diversity jurisdiction, so removal was improper.[22]

Second, Plaintiff argues that United Financial's Notice of Removal was untimely.[23] Plaintiff contends that he filed the Petition for Damages in state court on August 12, 2020.[24] Plaintiff also avers that United Financial filed its Notice of Removal on August 11, 2021.[25] Additionally, Plaintiff explains that 28 U.S.C. § 1446(c)(1) establishes a firm one-year deadline for removing actions based solely on diversity jurisdiction.[26] As noted above, Plaintiff insists that Nevil and USAA are still proper parties to this case.[27] Plaintiff contends that the presence of a non-diverse defendant precluded removal, and Plaintiff further asserts that the deadline for removal has now passed.[28] Therefore, Plaintiff urges that not only is removal improper, but also that removal cannot possibly be timely.[29] Accordingly, Plaintiff urges the court to remand this case to the Civil District Court for the Parish of Orleans.[30]

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 2.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 3.

[28] *Id.*

[29] *Id.*

[30] *Id.*

B.  *United Financial's Arguments in Opposition to the Motion to Remand*

In opposition, United Financial insists that removal was timely because it removed the case within the deadlines established by 28 U.S.C. §§ 1441 and 1446.[31] United Financial also contends that removal was proper because when United Financial filed its Notice of Removal, the only remaining parties to the case were completely diverse.[32]

First, United Financial explains that 28 U.S.C. § 1446(b)(3) allows removal within thirty days of receipt of an "other paper" from which it could first ascertain that the case was removable.[33] United Financial further explains that removal must be within one year of the commencement of the action.[34] Here, United Financial suggests that this action commenced with the filing of Plaintiff's Petition for Damages on August 12, 2020.[35] United Financial also asserts that Plaintiff's Limited Motion to Dismiss Nevil and USAA was an "other paper" within the ambit of 28 U.S.C. § 1446(b)(3).[36] United Financial alleges both that it received the Limited Motion on August 10, 2021, and that the Limited Motion was filed with the state court on August 11, 2021.[37] United Financial avers that it filed the Notice of Removal on August 11, 2021.[38] Therefore, United Financial concludes that removal was timely because it filed the Notice of Removal both within one year of commencement of the action and within thirty days of receiving an "other paper" from

---

[31] Rec. Doc. 6 at 1.

[32] *Id.* at 1–2.

[33] *Id.*

[34] *Id.* at 2.

[35] *Id.*

[36] *Id.* at 1–2.

[37] *Id.* at 2.

[38] *Id.*

which United Financial first ascertained that grounds for removal existed.[39]

Second, United Financial contends that removal was proper because Plaintiff's Limited Motion clearly and unequivocally established Plaintiff's intent to dismiss both Nevil and USAA from the case.[40] United Financial therefore asserts that 28 U.S.C. § 1332(a) grants this Court diversity jurisdiction over this case.[41] United Financial concedes that complete diversity did not exist at the commencement of this action because both Plaintiff and Nevil are citizens of Louisiana.[42] United Financial contends, however, that the Limited Motion established that Nevil was no longer a party to the case because Plaintiff settled all claims against Nevil.[43] United Financial suggests that settling claims against a defendant is a voluntary act by the plaintiff which effectively eliminates that defendant from the proceeding.[44] Therefore, United Financial concludes that once it received the Limited Motion, the non-diverse party was effectively eliminated from the case, and complete diversity existed for purposes of removal at that point.[45] Thus, United Financial insists that Plaintiff's Motion to Remand should be denied because removal was proper.[46]

Additionally, United Financial alleges that Plaintiff has engaged in bad faith tactics by filing his Motion to Remand, so United Financial asks this Court for an award of costs and

---

[39] *Id.*

[40] *Id.*

[41] *Id.* at 1.

[42] *Id.* at 2.

[43] *Id.* at 4.

[44] *Id.* at 3-4.

[45] *Id.* at 4.

[46] *Id.*

attorney's fees that United Financial incurred in filing its Opposition.[47]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[48] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[49] The removing party bears the burden of demonstrating that federal jurisdiction exists.[50] Subject matter jurisdiction is fixed at the time of removal, and it cannot be eliminated by events that occur after removal.[51]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition, that federal courts are courts of limited jurisdiction and that "removal statute[s] should be strictly construed in favor of remand."[52] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[53] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

---

[47] *Id.*

[48] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[49] 28 U.S.C. § 1332(a)(1).

[50] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[51] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[52] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[53] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

## IV. Analysis

In this case, complete diversity of citizenship is lacking on the face of the state court petition because Plaintiff and Nevil are citizens of Louisiana. Despite the initial presence of a non-diverse defendant in this lawsuit, United Financial argues that this Court has diversity jurisdiction over this matter because Plaintiff has voluntarily dismissed the non-diverse defendant prior to United Financial removing based on diversity jurisdiction.[54]

In the Notice of Removal, United Financial argues that Nevil, the only non-diverse defendant named in the state court petition, is no longer a party to this litigation.[55] On that basis, United Financial asserts that the Court should not consider Nevil's citizenship for the purposes of diversity jurisdiction.[56] Specifically, United Financial asserts that Plaintiff clearly expressed his intent to voluntarily dismiss Nevil by settling all claims against Nevil and by filing a Limited Motion to Dismiss Nevil and USAA in which Plaintiff stated that "this matter has been compromised and settled as to . . . Nevil."[57] United Financial maintains that all remaining parties are diverse and that this Court has original jurisdiction under 28 U.S.C. § 1332.[58] Therefore, United Financial concludes that removal of this action was proper.[59] In the Motion to Remand, Plaintiff asserts that Nevil remains a party to the action because the presiding state court judge did not sign an order granting the Limited Motion to Dismiss, and Plaintiff insists that the continued presence

---

[54] Rec. Doc. 6 at 1–2.

[55] Rec. Doc. 1 at 3.

[56] Rec. Doc. 6 at 4.

[57] *Id.*

[58] *Id.* at 1.

[59] *Id.*

of a non-diverse defendant precludes federal diversity jurisdiction.[60]

Subject to statutory limitations not relevant here, a defendant may remove any state court case to federal court if the federal court has original jurisdiction over that case.[61] Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum . . . of $75,000 . . . and is between . . . citizens of different states."[62] In addition, a defendant may file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that a previously unremovable case has become removable.[63] When grounds for removal based on diversity jurisdiction become ascertainable after the filing of the initial petition, a notice of removal may not be filed more than one year from the date that action commenced.[64]

This action commenced when Plaintiff filed the Petition for Damages in state court on August 12, 2020.[65] Almost one year later, on August 11, 2021, Plaintiff filed a Limited Motion and Order to Dismiss Nevil and USAA.[66] The same day, United Financial filed a Notice of Removal.[67] Based on these undisputed facts, United Financial's Notice of Removal would be both timely and proper if Plaintiff's Limited Motion allowed United Financial to first ascertain that grounds for removal existed. Thus, the issue before this Court is whether Plaintiff's Limited

---

[60] Rec. Doc. 5-1 at 2–3.

[61] 28 U.S.C. § 1441(a).

[62] *Id.* § 1332(a)(1).

[63] *Id.* § 1446(b)(3).

[64] *Id.* § 1446(c)(1).

[65] Rec. Doc 5-1 at 2; Rec. Doc. 6 at 2.

[66] Rec. Doc. 5-3.

[67] Rec. Doc. 1.

Motion filed on August 11, 2021, constitutes an "other paper" from which United Financial could first ascertain that the case had become removable.

As explained above, a defendant may remove an action within thirty days of receiving an "other paper from which it may first be ascertained that the case is one which is or has become removable."[68] To trigger this rule, "the information giving notice of removal must be contained in a writing," and the defendant must receive a copy of that writing.[69] The information contained in that writing must provide an "unequivocally clear and certain" basis for removal.[70] The writing does not need to be filed with a court in order to allow removal, but it "must result from the voluntary act of a plaintiff."[71] Lacking such a writing, the defendant's personal knowledge that a case has become removable is insufficient.[72]

Finally, "[f]ederal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case," and removal can be "based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case."[73] Louisiana law provides that "[a] compromise is a contract whereby the parties . . . settle a dispute or an uncertainty concerning an obligation or other legal relationship."[74] Thus, settling with a defendant is a voluntary act of the plaintiff that "effectively eliminate[s] the

---

[68] 28 U.S.C. §1446(b)(3).

[69] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018).

[70] *Id.*

[71] *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

[72] *Morgan*, 879 F.3d at 609.

[73] *Est. of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000).

[74] La. Civ. Code art. 3071.

nondiverse defendant."[75]

In *Klotz v. Louisiana Citizens Property Insurance Corp.*, the defendant removed a state court proceeding after receiving a copy of the plaintiff's petition for concursus.[76] Before filing the petition for concursus, the plaintiff settled its claims against the only nondiverse party to the litigation.[77] The plaintiff filed a motion to remand and argued that the nondiverse party was still joined in the case.[78] The plaintiff did not, however, contest that it had settled its claims against the nondiverse defendant.[79] Applying the standards set forth above, this Court determined that the plaintiff's settlement with the only nondiverse defendant effectively eliminated that defendant from the suit, making the removal proper.[80]

Here, Plaintiff's Limited Motion to Dismiss states that "this matter has been compromised and settled as to . . . Nevil."[81] Plaintiff asserts that the Limited Motion did not dismiss Nevil from the proceedings because an order granting the motion was not signed by the state court judge before the case was removed, but critically, Plaintiff does not dispute that he settled his claims against Nevil before filing the Limited Motion to Dismiss.[82] The situation is analogous to *Klotz*. Plaintiff clearly and unambiguously indicated that he settled his claims against the only nondiverse party in the case.

---

[75] *Est. of Martineau*, 203 F.3d at 912.

[76] *Klotz v. La. Citizens Prop. Ins. Corp.*, No. 17-3776, 2017 WL 5899248, at *1 (E.D. La. Nov. 30, 2017) (Brown, C.J.).

[77] *Id.*

[78] *Id.* at *4.

[79] *Id.* at *6.

[80] *Id.*

[81] Rec. Doc. 5-3 at 1.

[82] *See* Rec. Doc. 5-1.

Moreover, Plaintiff's argument that the nondiverse party was still joined because no judge signed an order granting the Limited Motion to Dismiss is unpersuasive. Plaintiff's Limited Motion to Dismiss is a voluntary act by Plaintiff, and it states with certain and unequivocal clarity that Plaintiff settled his claims against Nevil, the only nondiverse party to the litigation.[83] Thus, the Limited Motion to Dismiss allowed United Financial to ascertan for the first time that the case had become removable. Plaintiff's admission that he settled with the nondiverse party effectively eliminated that nondiverse party from the suit. Therefore, removal is proper.

Finally, United Financial requests attorney's fees and costs for filing its opposition.[84] United Financial cites no authority for such an award.[85] Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees under Section 1447(c) is in the sound discretion of the Court.[86] As explained above, the Court finds that removal was proper and denies remand. Given that Section 1447(c) applies only where remand is granted, the Court denies United Financial's request for attorney's fees and costs.

## V. Conclusion

The Court finds that Plaintiff's Limited Motion to Dismiss clearly and certainly expressed Plaintiff's intent to voluntarily dismiss the only non-diverse party to this case. Therefore, all non-diverse parties were effectively eliminated, and diversity was complete at the time of removal. Furthermore, United Financial filed his Notice of Removal on August 11, 2021, one day before

---

[83] Rec. Doc. 5-3 at 1.

[84] Rec. Doc. 6 at 4.

[85] *Id.*

[86] *Darville v. Tidewateer Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

the one-year deadline imposed by § 1446(c)(1) and well within the thirty-day period prescribed by § 1446(b)(3). Thus, the Court finds that removal of this case was both proper and timely. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Brandon Wheeler's Motion to Remand[87] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __30th__ day of October, 2021.

                                                                                  **NANNETTE JOLIVETTE BROWN**
                                                                                   **CHIEF JUDGE**
                                                                                   **UNITED STATES DISTRICT COURT**

---

[87] Rec. Doc. 5.